ALVARADO *v.* ESTATE OF ORTIZ ET AL.

APPEAL from the District Court of Ponce.

No. 345.—Decided March 4, 1909.

APPEAL FROM MUNICIPAL COURTS—JURISDICTION OF THE SUPREME COURT.—The
Supreme Court, according to the Act of March 9, 1905, has jurisdiction to
take cognizance of appeals from municipal courts when the claim exceeds
$300, not including products or interest thereon.

EXECUTOR—CAPACITY TO SUE—EXTENSION OF EXECUTORSHIP BY A MAJORITY OF
HEIRS AND LEGATEES.—According to section 880 of the Civil Code, when
the heirs and legatees are not unanimous in agreeing to extend the term
of the executorship, and the extension is allowed only by a majority, said
extension cannot exceed one year, upon expiration of which latter term the
executor has no legal capacity to sue in the name of the heirs.

EXECUTOR—HEIR EMANCIPATED BY MARRIAGE—CAPACITY TO EXTEND THE EXECU-
TORSHIP.—The mother of an heiress emancipated by marriage has no capacity,
as such mother, to extend the term of the executorship in the name of her
daughter.

The facts are stated in the opinion.

*Mr. José Tous Soto,* for appellant.

*Mr. Manuel A. Rivera* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Pedro José Alvarado, as the testamentary executor of
Miguel Criado, brought an action against the Estate of San-
tiago Rivera and Isidora Ortiz for the recovery of $314.35,
with legal interest from the date the complaint was filed, and
the costs. This complaint was filed in the Municipal Court of
Coamo, on October 7, 1907.

The defendants who answered the complaint in the muni-
cipal court of Coamo, pleaded prescription of the action for the
recovery of the debt.

From the decision of said court, the plaintiff took an ap-
peal to the District Court of Ponce, and the latter, after the
trial had been held, rendered the following judgment:

"It appears from all the evidence heard that Miguel Criado, Fran-
cisco Ferrer and Angel Martínez, constituted a commercial firm on

July 14, 1897, which was dissolved by public instrument of October 12, 1898, all the credits being assigned to Miguel Criado. According to the allegations of the complaint the credits of the firm include an account against Santiago Rivera and his wife Isidoro Ortiz for $734.84, provincial money. A certificate of the death of Santiago Rivera, which occurred in the year 1889 has been presented. For this reason the court cannot understand in what manner the firm could have had accounts with him. But Mrs. Ortiz recognized the debt by private document of May 23, 1898, as follows:

" 'Isidora Ortiz acknowledges that she is indebted to the commercial firm of Ferrer, Martínez & Co. in the sum of $734.84 which she has received to her entire satisfaction.'

"According to the complaint itself this account was for cash and supplies furnished. And the declaration of Mrs. Ortiz to which reference has been made above is in no way incompatible with that allegation of the complaint. The words used by her may very well refer to an account for supplies.

"The court holds that the debt has prescribed in accordance with the fourth subdivision of section 1868 of the Civil Code. Furthermore, the personal capacity of the plaintiff has not been established in due form. The courts do not favor old claims. The plaintiff and his successors in interest have had eight years in which to bring this action. A litigant presenting himself after such delay to make his claim, cannot expect the court to look favorably thereon. In this case there is not sufficient proof of the extension of the term of the executorship. For the purposes of section 880 of the Civil Code, heirs and legatees desirous of extending the term must do so, according to the opinion of the court, in writing.

"For all the reasons stated, the judgment appealed from is affirmed, with the costs against the appellant. Ponce, P. R., Sept. 12, 1908. Martin E. Gill, District Judge. The foregoing judgment was entered on the same day, Sept. 12, 1908."

The plaintiff took an appeal from said judgment to this Supreme Court and has appeared here presenting a statement of facts which the trial judge considered exact and correct and signed it, ordering that it should be filed with the Secretary of the court in order to be made a part of this record.

The parties have discussed here in their written allegations and according to their different points of view the lack

of capacity of the plaintiff to sue and the prescription of the action for the recovery of the debt claimed.

There is no doubt that this court has jurisdiction to take. cognizance of this appeal, because the claim exceeds $300, without including fruits or interest, and such jurisdiction in these cases is vested in us by the Act of the Legislative Assembly of this Island approved March 9, 1905.

From the statement of facts to which we have made reference, it appears that the hearing was had in the District Court of Ponce on August 17, 1908, and that said defendants filed the following demurrer to the complaint:

"The plaintiff has not the capacity to sue as may be deduced from his own allegations, because he appears as the testamentary executor of Miguel Criado who died in Spain on September 20, 1903, the term of his executorship having therefore expired."

After a hearing on said demurrer, it was overruled by the court and the defendants noted an exception.

Said statement also shows that the testator, Miguel Criado, granted the executors two years in which to terminate their trust and it also appears that Miguel Criado constituted as his only and universal heirs, his four acknowledged natural children named Rosa, Aurora, María and Miguel, surnamed Criado y Rodríguez, and as legatees, Abraham Guzmán and María Quintina Rodríguez.

About 1905, Rosa Rodríguez, the mother of the above-constituted heirs, on behalf of the minors, in conjunction with the aforesaid legatees, extended the term of the executorship of Pedro José Alvarado before the expiration of the term fixed by the testator, for the time which should be necessary, a right which undoubtedly vested in them under the provisions of section 880 of the Revised Civil Code, which reads as follows:

"The heirs and legatees may, by common consent, extend the term of the executorship for the time they may consider necessary; but if the agreement is only that of a majority, the extension cannot exceed one year."

But the fact is that Rosa Rodríguez herself in testifying at the trial said "that the eldest daughter of the deponent (also an heir of Miguel Criado) named Rosa Criado, is married to Luis Zayas," and having been emancipated by the marriage it does not appear that she was present or represented by her husband at the meeting for granting the extension, nor does it appear that she consented thereto at any other time.

It must consequently be conceded that there was not unanimity among the heirs and legatees in granting this extension, but that the resolution was adopted by a majority, and in such case the extension cannot exceed one year according to section 880 of the said Civil Code above transcribed.

The meeting for the resolution took place at the end of the year 1905, and this complaint was filed on October 7, 1907.

So that when the complaint was filed the extension of one year which was all the time which the plaintiff executor could be granted, had already elapsed, and, therefore, he had no legal capacity to sue.

Under the circumstances, we believe that, solely for the reason stated, the judgment appealed from should be affirmed without prejudice to the rights of the heirs and the allegations which, in a proper case, the defendants may make.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones was not present at the hearing of this case.